**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA

VERSUS

JIMMY WHITE

CIVIL ACTION

NO. 17-163-SDD-RLB

## RULING

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendant, Jimmy White ("White"). The Government filed an *Opposition*,[2] and White filed a *Supplemental Memorandum in Support*.[3] For the reasons that follow, the Court finds that White's *Motion* shall be DENIED.

## I.    FACTUAL BACKGROUND

On January 12, 2015, narcotics detectives with the Ascension Parish Sheriff's Office (APSO) executed a state search warrant at a residence in St. Amant, Louisiana.[4] Defendant Jimmy White ("White") was present at the residence during the search, which turned up drug paraphernalia and substances suspected to be crystal methamphetamine and marijuana.[5] On March 17, 2015, the Ascension Parish District Attorney's Office filed bills of information charging White with conspiracy to distribute methamphetamine and

---

[1] Rec. Doc. No. 100.
[2] Rec. Doc. No. 108.
[3] Rec. Doc. No. 139.
[4] Rec. Doc. No. 100, p. 1.
[5] Rec. Doc. No. 108, p. 3.
57169

possession of 400 or more grams of cocaine.[6] White entered a plea of guilty to the possession charge on March 7, 2016,[7] and the State agreed to *nolle prosequi* the conspiracy charge. Then, on December 21, 2017, White and eight others were charged as part of a drug trafficking conspiracy in the *Indictment* currently pending before this Court.[8] That indictment is the subject of the instant *Motion to Dismiss.*

## II.    LAW AND ANALYSIS

White argues that the instant indictment should be dismissed, for three reasons: (1) an alleged double jeopardy violation; (2) an alleged violation of the Department of Justice's Dual and Successive Prosecution Policy, also known as its "Petite Policy," and (3) an alleged violation of White's due process rights stemming from what was, in his view, an excessive delay between the occurrence of the charged conduct and his indictment.

White concedes that his double jeopardy argument is "contrary to existing precedent."[9] Indeed, the dual sovereignty doctrine has, for 170 years,[10] permitted successive federal and state prosecutions. White nevertheless urges the Court to consider his double jeopardy argument because, at the time he filed his motion, the Supreme Court had yet to rule in *Gamble v. United States*, a case challenging the constitutionality of the dual sovereignty exception. Since White's motion was filed,

---

[6] Rec. Doc. No. 105-1 and 105-2. White notes that the bill of information incorrectly referred to cocaine but was amended on November 5, 2015 to reflect a charge of possession of methamphetamine. Rec. Doc. No. 100, p. 2, n. 2.

[7] Rec. Doc. No. 105-3.

[8] Rec. Doc. No. 1.

[9] Rec. Doc. No. 100-1, p. 3.

[10] *Gamble v. United States*, 139 S. Ct. 1960, 1964, 204 L. Ed. 2d 322 (2019).

57169

however, the Supreme Court has issued a ruling in *Gamble*,[11] upholding the dual sovereignty exception.

White's second argument posits that his indictment is a violation of the Department of Justice's own Petite Policy, which forecloses successive federal and state prosecutions for the same act or acts unless "necessary to advance compelling interest of federal law enforcement."[12] White cites *United States v. McInnis*,[13] where the Fifth Circuit heard a similar argument based on the Petite Policy and stated that "the courts are not charged with enforcing internal governmental guidelines and will not remedy an alleged violation by the dismissal of an indictment."[14] Clearly, the internal prosecution guidelines at the Department of Justice do not provide a basis for dismissal of the indictment against White.

Nevertheless, the Fifth Circuit in *McInnis* offered a caveat that sets the stage for White's third argument when it noted that "[i]f prosecutorial conduct is so fundamentally unfair as to deny a defendant's constitutional rights, dismissal of the tainted indictment is warranted."[15] Per White, the "nearly three year delay in indicting [him] violates the Due Process Clause"[16] and has resulted in "substantial prejudice."[17] The Government counters that, under the applicable Supreme Court precedent in *United States v. Lovasco*,[18] to demonstrate that pre-indictment delay caused a due process violation, a

---

[11] *Id.*
[12] *United States v. Amuny*, 767 F.2d 1113, 1119 (5th Cir. 1985).
[13] 601 F.2d 1319 (5th Cir. 1979).
[14] Id. at 1328.
[15] *Id.*
[16] Rec. Doc. No. 100-1, p. 7.
[17] *Id.* at p. 11.
[18] 431 U.S. 783 (1977).
57169

defendant must "show that the pre-indictment delay caused actual prejudice to the defendant, and that the delay was an intentional device used by the Government to obtain a tactical advantage."[19] In the Government's view, White can prove neither.

The Government argues that the "three-year delay" that White cites is illusory and that there is no actual prejudice, because there was no delay. White is charged with conspiracy and the indictment "allege[s] criminal violations committed in furtherance of the conspiracy as late as December 16, 2016."[20] Thus, the handing down of the indictment on December 21, 2017 was only one year removed from the charged conduct, not three years as White argues.

After repeatedly asserting that the alleged delay was "fundamentally unfair,"[21] White offers more specific examples of how the alleged delay in his prosecution caused him actual prejudice. First, he claims that his agreement to plead guilty to the state charges against him was "[b]ased on assurances that federal prosecutors would not be 'picking up' the charges against"[22] him. Had he known that the federal government intended to pursue an indictment, he argues, he "certainly would not have admitted to the state charges, thereby waiving the exercise of his constitutional right against self-incrimination in the federal case."[23] Even if he had agreed to plead guilty to the state charges, White argues, "he would have been able to do so pursuant to Louisiana Code of Civil Procedure article 883.1," which, he claims, "would have meant that the state court

---

[19] Rec. Doc. No. 108, p. 14. (citing *Lovasco* at 835).
[20] *Id.* at p. 15.
[21] Rec. Doc. No. 100-1, p. 8.
[22] Rec. Doc. No. 100-1, p. 10.
[23] Rec. Doc. No. 100-1, p. 11.
57169

sentence would run concurrent with the federal sentence."[24] Additionally, the "state court conviction will count against him in calculating his guideline sentence, increasing his criminal history points and thereby increasing the length of his federal sentence."[25]

For its part, the Government contends that, not only did it never state "to the defendant or anyone else that the United States would not pursue federal charges against the defendant,"[26] the Government in fact "explicitly notified the APDA that the USAO intended to pursue federal charges in this case."[27] This "pre-indictment coordination" between federal and state prosecutors was disclosed to defense counsel, who, the Government claims, nevertheless persists in this "baseless accusation."[28]

The Fifth Circuit has clearly held that "[f]or pre-indictment delay to violate due process, the *accused* bears the burden"[29] of showing that the delay caused actual, substantial prejudice to his defense. White's unsupported allegation that the federal government gave assurances that it would not prosecute him is not sufficient to meet that burden, especially because the Supreme Court has made it clear that the Government's decision of whether, when, and how to prosecute is entitled to significant deference.[30] Moreover, while the Court understands White's argument, it is not clear how the prejudice he describes arises out of the alleged *delay*. Even by White's own analysis, his decision

---

[24] *Id.* at p. 12.
[25] Rec. Doc. No. 100-1, p. 11.
[26] Rec. Doc. No. 108, p. 17.
[27] Rec. Doc. No. 108, p. 17.
[28] Rec. Doc. No. 108, p. 17.
[29] *United States v. Avelar-Castro*, 27 F. Supp. 3d 686, 689–90 (E.D. La. 2014), aff'd, 637 F. App'x 177 (5th Cir. 2016)(citing *United States v. Crouch*, 84 F.3d 1497, 1523 (5th Cir.1996)).
[30] *Lovasco*, 431 U.S. 783, 794-796 (1977).
57169

to plead at the state level and the resulting ill effects of that plea were caused by White's mistaken belief that the federal government would not pursue a successive prosecution – not by the federal government taking too long to do so.

Second, the Government argues that White has not argued, nor can he show, that the alleged delay was intentional or tactical in nature. Indeed, although White does note in his Memorandum that a tactical delay "*would* violate the Due Process Clause,"[31] he does not allege that the delay was tactical; in fact, he stops short of alleging that the Government's delay was even intentional.[32] White repeatedly argues that the delay was "fundamentally unfair" and thus constitutes a Due Process violation. This argument is conclusory. This Court concludes that White has not carried his burden by making a showing under either part of the two-part test promulgated by the Supreme Court in *Lovasco* for assessing whether a pre-indictment delay gives rise to a due process violation.

In his *Supplemental Memorandum in Support of Motion to Dismiss with Prejudice*,[33] White asserts a new basis for the dismissal of the indictment against him: an alleged violation of his Sixth Amendment right to a speedy trial.[34] Citing the Fifth Circuit case *United States v. Avalos*[35] for the proposition that the right to a speedy trial can, under certain circumstances, attach upon a defendant's arrest, not upon his indictment, White

---

[31] Rec. Doc. No. 1001-, p. 7 (emphasis added).
[32] *Id.* at p. 9 ("the delay of nearly three years between the act giving rise to the alleged criminal act (January 2015) and the indictment (December 2017), whether or not intentional . . .").
[33] Rec. Doc. No. 139.
[34] *Id.*, p. 1.
[35] 541 F.2d 1100 (5th Cir. 1976).
57169

argues that this Court should apply the four-factor speedy trial balancing test articulated by the Supreme Court in *Barker v. Wingo.*[36] Under that test, a court evaluates a claimed violation of the constitutional right to a speedy trial by considering (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant.[37]

Assuming *arguendo* that the *Barker* test applies, the Court nevertheless finds that White has failed to make a credible showing that his Sixth Amendment right was violated by the timeline of his prosecution. White fails to articulate or provide support for any reason for the delay, stating that "[t]he only party with knowledge of the reason for the three year delay is the government. It is hard to imagine any justification for the delay."[38] As for White's assertion of his right to a speedy trial, he notes that "[u]ntil his indictment, [he] could not possibly raise the issue with this Court."[39] However, White did not raise the issue when he was indicted, nor did he make a Sixth Amendment argument in his *Motion to Dismiss* filed in August 2018. It was not until his *Supplemental Memorandum* of one month ago that White raised the potential speedy trial issue.

Moreover, the Court finds, as it did above, that the prejudice alleged by White stems not from the delay in prosecution or trial but from the assurance, allegedly received by White, that the federal government would not be pursuing charges – assurances of which White provides no proof and which the Government strenuously denies were ever

---

[36] 407 U.S. 514 (1972).
[37] *Id.* at 530.
[38] Rec. Doc. No. 139, p. 6.
[39] *Id.*
57169

given. White's grievance appears to be primarily with the fact that the Government is prosecuting him after the state of Louisiana already did so – hence his initial argument that the federal indictment was handed down in violation of the double jeopardy clause. The Court is sympathetic to White's implication that spending fifteen months in jail may have motivated him to plead guilty to the state charges.[40] But the prejudicial effects described by White – *e.g.*, his waiver of self-incrimination and the fact that his state conviction will count against him at sentencing – would exist in any successive state and federal prosecution, regardless of the length of time that passed between the two proceedings. Overall, because White offers no reason for the delay in his trial and cannot demonstrate how the delay itself was prejudicial to him, and because he waited to raise the Sixth Amendment issue in a supplemental memorandum filed nearly two years after his indictment – the Court finds that there has been no violation of White's right to a speedy trial, to the extent that right attaches at all under the circumstances.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss*[41] is DENIED.

Signed in Baton Rouge, Louisiana on November 1, 2019.

_Shelly D. Dick_

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[40] Rec. Doc. No. 139, p. 7 ("After nearly a year and a half in jail and based on assurances that federal prosecutors would not be 'picking up' the charges against Mr. White, he agreed to a plea deal . . .").
[41] Rec. Doc. No. 100.
57169